```
┌─────────────────────────────────────┐
│ USDS SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____                │
│ DATE FILED: 12-1-11                  │
└─────────────────────────────────────┘
```

PREET BHARARA
United States Attorney
By:  LI YU
     CRISTINE IRVIN PHILLIPS
Assistant United States Attorneys
86 Chambers Street, 3rd Fl.
New York, New York 10007
Tel:  (212) 637-2734/2696
Fax: (212) 637-2686/2702
Email:  Li.Yu@usdoj.gov
        Cristine.Phillips@usdoj.gov
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

UNITED STATES OF AMERICA,                          10 Civ. 9280 (PKC)

                    Plaintiff,

              — v. —                               **CONSENT ORDER**

BUY-A-HOME, LLC, et al.,

                    Defendants.

------------------------------------------------------------ x

WHEREAS, in 2010, the United States of America ("United States") commenced this

action by filing a complaint in this Court (the "Complaint") against, among others, Cambridge

Home Capital, LLC ("Cambridge"), a limited liability company; Cambridge Funding Group,

LLC ("CFG"),  a limited liability company; Seth Kramer ("Kramer") and Craig Hyman

("Hyman"), the owners of Cambridge and CFG; and Seth Lapidus ("Lapidus") and Jacqueline

Derrell ("Derrell" and, collectively with Cambridge, CFG, Kramer, Hyman, and Lapidus, the

"Cambridge Defendants"), two former employees of Cambridge;

WHEREAS, at all times relevant to the Complaint, Cambridge was a mortgage lender

licensed by the State of New York, and a "direct endorsement lender," authorized by the United

States Department of Housing and Urban Development ("HUD") to originate residential

mortgage loans and certify those mortgage loans for insurance by the Federal Housing Authority ("FHA"), a division of HUD;

WHEREAS, at all times relevant to the Complaint, CFG was an investment company, owned and operated by Kramer and Hyman, that invested funds in residential real estate, including properties subject to FHA-insured mortgage loans;

WHEREAS, at all times relevant to the Complaint, Kramer and Hyman were the Chief Executive Officer and President of Cambridge, respectively;

WHEREAS, at all times relevant to the Complaint, Lapidus was employed at Cambridge as its primary loan officer;

WHEREAS, at all times relevant to the Complaint, Derrell was employed at Cambridge as a vice president and the underwriting supervisor, and was registered with HUD to directly endorse residential mortgage loans for FHA insurance;

WHEREAS, the Complaint alleges that, in furtherance of a scheme to defraud HUD, the Cambridge Defendants knowingly caused false and fraudulent documents and certifications to be submitted to HUD for the purpose of originating 17 residential mortgages that did not comply with HUD requirements and certifying those mortgages for FHA insurance;

WHEREAS, the Complaint alleges that the Cambridge Defendants profited at least $400,000 from their participation in the scheme;

WHEREAS, the United States seeks damages and civil penalties against the Cambridge Defendants under the False Claims Act, 31 U.S.C. §§ 3729-33, and the Financial Institutions Reform, Recovery and Enforcement Act, 12 U.S.C. § 1833a ("FIRREA"), as well as such injunctive relief as is necessary to ensure the integrity of the HUD mortgage insurance program and to protect the interests of the United States and the public;

WHEREAS, in or about September 2010, Cambridge surrendered its mortgage lender license to the New York State Banking Department; and

WHEREAS, in their answers filed in this action, the Cambridge Defendants denied all allegations of wrongdoing made against them in the Complaint; and

WHEREAS, the parties desire to reach a full and final settlement and compromise of the claims that the United States asserts against the Cambridge Defendants;

NOW, THEREFORE, it is hereby ORDERED as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

2. The Cambridge Defendants shall pay $1.2 million to the United States (the "Settlement Amount"), consisting of damages in the amount of $800,000 and a penalty in the amount of $400,000. The Settlement Amount shall be paid on the following terms: (i) the first payment, in the amount of $600,000, shall be made within 60 days of the entry of this Consent Order; and (ii) the second, third, fourth, fifth, and sixth payments, each in the amount of $120,000, shall be made on or before December 1 of each subsequent year, starting on December 1, 2012. The Cambridge Defendants shall make payments of the Settlement Amount by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of New York.

3. The Cambridge Defendants admit the following facts with respect to certain of the mortgage loans identified in the Complaint:

a. Cambridge submitted to HUD records that overstated the mortgagors' incomes and/or understated their liabilities;

3

b.      Cambridge submitted to HUD certifications stating that Cambridge had

satisfied its duties as a direct endorsement lender, when Cambridge in fact had not

done so;

c.      Cambridge made payments to creditors of mortgagors to pay off the

mortgagors' personal debts.

4.      The Cambridge Defendants are hereby enjoined from using the mails or wire

transmissions, or causing use of the mails or wire transmissions, to fraudulently obtain mortgage

insurance from HUD or otherwise to transact fraudulent real estate sales.

5.      Upon entry of this Consent Order, Cambridge, CFG, Kramer, and Hyman agree to

a permanent abstention from all HUD programs, consistent with 2 C.F.R. § 2424.1100, and

Lapidus and Derrell shall agree to an abstention from HUD programs for a term of five years

from the entry of this Order.  This abstention shall preclude the Cambridge Defendants, as of the

date of entry of this Consent Order and for the terms specified in this Paragraph, from engaging

in dealings of any kind with any program offered by HUD.  This abstention is not intended to

affect transactions entered into by any of the Cambridge Defendants prior to the date of entry of

this Consent Order.

6.      In the event the Settlement Amount is not paid in full in accordance with the

terms set forth in Paragraph 2 above, the Cambridge Defendants shall agree to the entry of a

Consent Judgment  (in the form of Exhibit A to this Consent Order) in the amount of one and

half times (*i.e.*, 150%) the unpaid balance.  Additionally, the United States, at its option, also

may: (a) rescind this Consent Order and reinstate the Complaint filed in this action as to the

Cambridge Defendants or seek specific performance of this Consent Order; (b) offset the

remaining unpaid balance from any amounts due and owing the Cambridge Defendants by any

department, agency or agent of the United States at the time of default; or (c) exercise any other

4

rights granted by law, or under the terms of this Consent Order, or recognizable at common law or in equity.

7.       The United States and the Cambridge Defendants shall bear their own costs and attorneys' fees in this action.

8.       Subject to the exceptions in Paragraphs 10 and 11 below, in consideration of the obligations set forth in this Consent Order, and conditioned upon the Cambridge Defendants' payment in full of the Settlement Amount and full compliance with Paragraphs 2-5 above, the United States (on behalf of itself and its agencies, departments, officers, employees, servants and agents) agrees to release the Cambridge Defendants from any civil or administrative monetary claim that the United States has, or may have, under FIRREA or the False Claims Act arising out of the allegations asserted in the Complaint.

9.       This Consent Order is intended to be for the benefit of the United States and the Cambridge Defendants only; by this instrument the parties to this Consent Order do not release any claims against any other person or entity.

10.       Notwithstanding any term of this Consent Order, including the release provided in Paragraph 8, any and all of the following are specifically reserved and excluded from the scope and terms of this Consent Order as to any entity or person:

    a.       any civil, criminal or administrative claims arising under Title 26, U.S. Code (Internal Revenue Code);

    b.       any criminal liability;

    c.       except as explicitly stated in this Consent Order, any administrative liability, including suspension or exclusion from participating in transactions with the United States;

5

     d.     any liability to the United States (or its agencies) for any conduct other than that alleged in the Complaint;

     e.     any claims based upon such obligations as are created by this Consent Order; and

     f.     any liability to the United States of any entity or person that or who is not released by the terms of this Consent Order.

11.     In the event of a criminal prosecution or administrative action relating to the allegations asserted in the Complaint, the Cambridge Defendants waive and will not assert any defenses they may have based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Consent Order bars a remedy sought in such criminal prosecution or administrative action.

12.     Nothing in this Consent Order constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue Code, Title 26 of the United States Code.

13.     The Court will retain jurisdiction over the enforcement and interpretation of this Consent Order and to resolve all disputes arising hereunder.

14.     The undersigned signatories represent that they are fully authorized to enter into this Consent Order and to execute and legally bind the parties they represent to the terms of this Consent Order.

15.     The Complaint is hereby dismissed as to the Cambridge Defendants, without prejudice to reinstatement in accordance with Paragraph 6 of this Consent Order.

16.     This Consent Order contains the entire agreement between the Cambridge

Defendants and the United States with respect to the subject matter of the Complaint.  No prior

agreements, oral representations or statements shall be considered part of this Consent Order.

<u>For Cambridge Home Capital, LLC,</u>
<u>Cambridge Funding Group,</u>
<u>Seth Kramer and Craig Hyman:</u>

By: _____
JIM WALDEN
MATHEW J. BENJAMIN
Gibson Dunn & Crutcher, LLP
200 Park Avenue
New York, NY  10166-0193
Tel: (212) 351-2300
E-mail: jwalden@gibsondunn.com

_____
Seth Kramer

_____
Craig Hyman

For Seth Lapidus:

By: _____
FRANK DODDATO
666 Old Country Road Suite 501
Garden City, New York 11530
Tel: (516) 794-3737
E-mail:  fadesq49@aol.com

_____
Seth Lapidus

7

For Jacqueline Derrell:

For the United States of America:

PREET BHARARA
United States Attorney

By: _Arthur Edwards_

By: _Li Yu_

ARTHUR EDWARDS
Arthur A. Edwards, PLLC
572A Flatbush Avenue
Brooklyn, New York 11225
Tel: (718) 469-8555
E-mail: arthuredwardslaw@verizon.net

LI YU
CRISTINE IRVIN PHILLIPS
Assistant United States Attorneys
86 Chambers Street, 3d Floor
New York, NY 10007
Tel: (212) 637-2734/2696
Fax: (212) 637-2702
E-mail: li.yu@usdoj.gov
       cristine.phillips@usdoj.gov

_Jacqueline Derrell_

Jacqueline Derrell

SO ORDERED ON THIS 1st DAY OF December, 2011:

HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

8

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- x

UNITED STATES OF AMERICA,

        Plaintiff,

        — v. —

BUY-A-HOME, LLC, et al.,

        Defendants.

-------------------------------------------------------------------- x

10 Civ. 9280 (PKC)

**<u>JUDGMENT</u>**

On November __ 2011, this Court entered a Consent Order, which resolved the claims asserted by plaintiff the United States of America ("United States") against defendants Cambridge Home Capital, LLC, Cambridge Funding Group, LLC, Seth Kramer, Craig Hyman, Seth Lapidus, and Jacqueline Derrell (collectively, the "Cambridge Defendants").

Pursuant to the Consent Order, the Cambridge Defendants agreed, *inter alia*, to (*i*) pay to $1.2 million to the United States in six installments, *see* Consent Order, ¶ 2, and (*ii*) in the event that they defaulted on any of the payments due to the United States, entry of a judgment against them "in the amount of one and half times (*i.e.*, 150%) of the unpaid balance," *see id.*, ¶ 6.

As of December 1, 201_, the Cambridge Defendants had paid a total of $_____ to the United States under the Consent Order.

On December 1, 201_, the Cambridge Defendants failed to make the ____ payment in accordance with Paragraph 2 of the Consent Order, leaving an unpaid balance under that Order in the amount of $_____.

Accordingly, it is **ORDERED, ADJUDGED AND DECREED**:  That, pursuant to Paragraph 6 of the Consent Order, and in light of the facts set forth above, judgment is hereby

entered for the United States in the amount of $ _____, equal to one and half times the

unpaid balance under Paragraph 2 of the Consent Order, as against the Cambridge Defendants,

who shall be jointly and severally liable to the United States for the judgment.

**Dated**:   New York, New York
             _____, \_\_\_, 201\_

                                        **RUBY J. KRAJICK**
                                        _____
                                             **Clerk of Court**


                             **BY:** _____
                                        **Deputy Clerk**

2